O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMITT TROTTER,<br>　　　　　Petitioner,<br>　　v.<br>C. PFEIFFER,<br>　　　　　Respondent. | Case No. LA CV 16-7997 JVS (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 7], and the remaining record, and has made a *de novo* determination.

In his Objections, Petitioner raises one issue that warrants brief discussion here. Specifically, Petitioner states that because of his "history of mental illness," he is entitled to equitable tolling. (*See* Objections at 2-3.)

As a rule, a petitioner is entitled to equitable tolling for mental impairment only if he meets a two-part test:

  (1) First, he must show that his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating that the impairment was so severe that either:

    (a) he was unable rationally or factually to personally understand the need to timely file; or

    (b) his mental state rendered him personally unable to prepare a habeas petition and effectuate its filing.

  (2) Second, he must show diligence in pursuing his claims to the extent he could understand them, but also show that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). Here, after having the opportunity do so, Petitioner proffers no evidence to support a finding that his mental condition prevented him from filing a timely petition. Preliminarily, Petitioner fails to specify, or provide any supporting documentation regarding, his alleged mental condition.[1] *See, e.g., Chisom v. Beard*, 2014 WL 1030707, at *2 (C.D. Cal. Mar. 17, 2014) (rejecting equitable tolling argument where petitioner failed to: (1) provide "specific allegations explaining what that [mental problem] is or how it prevented him from filing his federal petition within the deadline"; and (2) "allege more than the 'mere existence of physical or mental ailments'"); *McGee v. Marshall*, 2010 WL 2985548, at *6 (E.D. Cal. July 27, 2010) (finding no equitable tolling where petitioner "attached no documentation in support of his mental health claims"). Additionally, Petitioner fails to demonstrate that his alleged mental illness was a "but-for cause of any delay." *Bills*, 628 F.3d at 1100; *see also, e.g., Campostrini v. Martel*, 2009 WL 1845095, at *7 (E.D. Cal. June 26, 2009) (finding no equitable tolling where petitioner

---

[1] The documents attached to the Objections relate to Petitioner's issues with parole board hearings, and do not discuss: (1) Petitioner's specific mental disorders; or (2) how such disorders prevented timely filing. (*See* Objections at 5-22.)

failed to show that his mood swings, depression, and medication prevented him from proceeding with his habeas petitions); *Taylor v. Knowles*, 2009 WL 688615, at *6 (E.D. Cal. Mar. 13, 2009) (finding no equitable tolling where petitioner failed to show that his hallucinations and mood disorders "actually caused him not to be able to file despite his diligence"). Finally, Petitioner fails to show that he was diligent in preparing his Petition. *See Bills*, 628 F.3d at 1101 ("[T]he petitioner must diligently seek assistance and exploit whatever assistance is reasonably available.").

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment is entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: December 08, 2016

HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE